# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **ALEC EMERY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NEAL COMMUNITIES OF SOUTHWEST FLORIDA, LLC**, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:21-cv-761p<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **ALEC EMERY** ("**EMERY**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2. The Plaintiff, **ALEC EMERY** ("**EMERY**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida. At all material times, **EMERY** was employed by the Defendant as a new home sales

1

associate. **EMERY** performed work for the Defendant in Lee County, Florida, which are within the Middle District of Florida, during the events giving rise to this case. **EMERY** was an employee within the contemplation of the FMLA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, **NEAL COMMUNITIES OF SOUTHWEST FLORIDA, LLC** (Defendant) is a Florida limited liability company. The Defendant employs in excess of 50 employees, and was **EMERY**'s employer within the meaning of the FMLA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **EMERY** began his employment with the Defendant on June 19, 2019.

7. **EMERY** performed his assigned duties in a professional manner and was very well qualified for his position. In fact, he frequently received bonuses

and accolades from the Defendant, who recognized him as being a top sales performer.

8. However, **EMERY** is also the primary caregiver for his elderly father, who suffers from a variety of serious health conditions.

9. Beginning on or about September 1, 2019, **EMERY**'s father began to need more care from **EMERY** such that **EMERY** required intermittent brief leave from work.

10. At that time, **EMERY**'s senior supervisor (Defendant's vice president) was very accommodating and permitted the intermittent brief leave and further allowed **EMERY** to adjust his schedule. At no time were **EMERY**'s sales or work performance adversely affected by this intermittent brief leave.

11. The Defendant was fully aware that **EMERY**'s brief intermittent leave was to care for his father who suffered from a variety of serious health conditions, which was thus FMLA-qualifying, though the Defendant failed to inform **EMERY** that he was entitled to FMLA leave as a right.

12. However, **EMERY**'s direct supervisor (sales manager) was less than pleased that the Defendant's vice president was allowing **EMERY** the brief intermittent leave (which he was lawfully entitled to take under the FMLA).

13. Once **EMERY** began needing time away from work and an adjustment in his working hours in order to care for his elderly father, his sales manager began a campaign of interference and retaliation.

14. In fact, she began to disallow his leave requests, issue him discipline for his attendance (due to what were FMLA-qualifying absences), began tracking his every move and issuing him scathing performance reviews despite the fact that **EMERY** was still the top producing sales associate – even with a reduction and/or adjustment in his working hours.

15. Concerned that his manager was now trampling on his FMLA rights, **EMERY** formally applied for intermittent and reduced schedule FMLA leave on or about the end of May 2021, which the Defendant's corporate office approved on or about June 17, 2021.

16. Nevertheless, **EMERY**'s sales manager immediately terminated his employment because of his request for FMLA leave, which termination occurred on June 27, 2021.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

17. The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

18. **EMERY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since his father began suffering from a serious health condition, **EMERY** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury,

impairment, or physical or mental condition that involves treatment by a health care provider.

19. **EMERY** informed the Defendant of his likely need for leave for his father's serious health condition.

20. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

21. If the Defendant were to have decided that **EMERY**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

22. The Defendant has never provided **EMERY** with any notice disqualifying his FMLA leave.

23. In fact, the Defendant should have determined that **EMERY** was eligible for leave under the FMLA and yet refused to allow him leave and return him to work, thus terminating his employment because of his request for federally protected medical leave.

24. **EMERY** engaged in activity protected by the FMLA when he requested leave due to his father's serious health conditions, consistently informing the Defendant of the same.

25. The Defendant knew, or should have known, that **EMERY** was exercising his rights under the FMLA and was aware of **EMERY**'s need for FMLA-protected absence.

26. **EMERY** complied with all of the notice and due diligence requirements of the FMLA.

27. The Defendant was obligated, but failed, to allow **EMERY** to take FMLA leave and to return **EMERY**, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

28. A causal connection exists between **EMERY**'s request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied **EMERY** a benefit to which he was entitled under the FMLA.

29. As a result of the above-described violations of FMLA, **EMERY** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable

attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

30. The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

31. **EMERY** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since his father suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **EMERY** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

32. **EMERY** informed the Defendant of his need for leave due to his father's serious health conditions.

33. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

34. If the Defendant were to have decided that **EMERY**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

35. The Defendant has never provided **EMERY** with any notice disqualifying his FMLA leave.

36. In fact, the Defendant determined that **EMERY** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and required reinstatement.

37. **EMERY** engaged in activity protected by the **FMLA** when he requested leave due to his father's serious health conditions, consistently informing the Defendant of the same.

38. The Defendant knew that **EMERY** was exercising his rights under the FMLA.

39. **EMERY** complied with all of the notice and due diligence requirements of the FMLA.

40. A causal connection exists between **EMERY**'s request for FMLA-protected leave and required reinstatement and the Defendant's termination of his employment.

41. The Defendant retaliated by altering the terms and conditions of **EMERY**'s employment by terminating **EMERY**'s employment because he engaged in the statutorily protected activity of requesting FMLA leave. The Defendant terminated him because he engaged in this statutorily protected activity.

42. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **EMERY**'s employment because he engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **EMERY** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ALEC EMERY**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 15, 2021         **/s/ Benjamin H. Yormak**
                                Benjamin H. Yormak
                                Florida Bar Number 71272
                                Lead Counsel for Plaintiff

        YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com